UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| VAUGHN JONES, | : | Bankruptcy No. 06-12782DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 11th day of September 2006, after a hearing on this Court's Order to Show Cause at which John Croom, Esquire ("Croom") testified concerning the circumstances surrounding his filing a Chapter 13 petition for Vaughn Jones ("Vaughn");[1]

**And** the testimony establishing that Croom orchestrated this bankruptcy to circumvent the relief that the mortgagee obtained in Tamara's bankruptcy, 05-11595ELF;[2]

**And** the Court concluding that Croom was responsible for an intentional bad faith filing for Vaughn;

---

[1] Vaughan and his mother Tamara Jones ("Tamara") were ordered to appear but failed to show up either in Court or at the pre-hearing meeting scheduled by Croom.

[2] After the mortgage company got relief from stay in Tamara's case, Croom recommended that Tamara transfer the property to Vaughn so that he could file a Chapter 13 case to stop the imminent sheriff's sale of the property. While Vaughan had not used his financial resources in Tamara's case to assist her, Croom stated his belief that Vaughn alone and/or with Tamara would have the financial ability to file a confirmable plan. Croom saw the only impediment to a new case to be the fact that Vaughn did not own the property, and therefore recommended the transfer.

It is hereby **ORDERED** that the above captioned case is **DISMISSED** with prejudice;[3]

**And** it is further **ORDERED** that on or before **September 26, 2006** Croom disgorge the fee paid by Vaughn or Tamara to commence this case to the Consumer Bankruptcy Assistance Project ("CBAP") and file a certification under this caption (with a copy of the check) evidencing compliance;[4]

**And** it is also further **ORDERED** that on or before **March 11, 2007** Croom shall complete three (3) credits of continuing legal education in ethics in addition to the regular ethics requirement imposed by the Pennsylvania Bar and file a certification under this caption evidencing compliance.[5]

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

cc:  Judge Bruce Fox
     Judge Stephen Raslavich
     Judge Eric L. Frank
     Judge Richard Fehling
     Judge Jean FitzSimon
     Timothy McGrath, Clerk

---

[3] Chapter 13 Trustee has also made a request under § 521(i)(2) for failure to file pay advices within the statutory 45 day period.

[4] Croom was paid $1,000 of which $194 went toward the filing fee. A payment of $806 will be sent to CBAP to assist it with its pro bono representation of needy debtors. By this Order neither Croom nor either of the Joneses will benefit from this bad faith case.

[5] The sanctions imposed herein were suggested by the United States trustee.

<u>In re Vaughn Jones - Bankruptcy No. 06-12782DWS</u>

<u>Copies to</u>:

John H. Croom, Esquire
1616 Walnut Street
18th Floor
Philadelphia, PA  19102

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119